JEROME SUEING,

        Petitioner,        Case No. 1:09-cv-479

v.        Honorable Janet T. Neff

KENNETH McKEE,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Jerome Sueing presently is serving a prison term of five to eight years, imposed by the Kent County Circuit Court on January 18, 2006, after a jury convicted him of indecent exposure, MICH. COMP. LAWS § 750.335a(1)(c), as a sexually delinquent person, MICH. COMP. LAWS § 750.10a. Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on January 8, 2008. Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 17, 2008. The Supreme Court denied Petitioner's request for rehearing on April 28, 2008.

Petitioner filed a habeas petition in this Court on October 3, 2008, raising eight grounds for relief. *See Sueing v. Palmer*, No. 1:08-cv-932 (W.D. Mich.). On October 31, 2008, the Court dismissed the petition without prejudice for lack of exhaustion. The Court concluded that, because Petitioner had raised some claims that were exhausted and some that were not, his petition was "mixed." Applying the rule of *Rose v. Lundy*, 455 U.S. 509, 22 (1982), the Court dismissed the mixed petition without prejudice in order to allow Petitioner to return to state court to exhaust his remedies by filing a motion for relief from judgment under MICH. CT. R. 6.502. In a detailed opinion, the Court thoroughly discussed the statute of limitations for filing a habeas petition and expressly considered whether a stay, as contemplated by *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), and *Rhines v. Weber*, 544 U.S. 269, 277 (2007), was appropriate. The Court advised Petitioner that, absent tolling, his habeas statute of limitations would expire on April 28, 2009. The Court declined to issue a stay because Petitioner had approximately six months remaining in his period of limitations, which was ample time for Petitioner to file a motion for relief from judgment

in the state court raising his unexhausted claims and to return to this Court after a final ruling by the Michigan Supreme Court.[1] *See Palmer*, 276 F.3d at 781 (holding that sixty days was sufficient time to file a collateral motion in state court – thereby tolling the statute of limitations – and to return to federal court once state remedies were exhausted).

On April 24, 2009, just four days shy of the expiration of his habeas limitations period, Petitioner sought reconsideration of the October 31, 2008 decision to deny the stay. In his motion for reconsideration, Petitioner alleged that he had filed his state-court motion for relief from judgment on April 20, 2009. The Court denied Petitioner's motion on May 11, 2009.

Petitioner filed the instant petition for habeas relief on or about May 16, 2009.[2] In his present petition, he appears to raise only those claims that have been exhausted in the state courts.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3] Section 2244(d)(1) provides:

---

[1] The statute of limitations is tolled during the pendency of a properly filed state post-conviction motion. *See* 28 U.S.C. § 2244(d)(2).

[2] Under Sixth Circuit precedent, a federal habeas application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on May 16, 2009, and it was received by the Court on May 26, 2009. Thus, it must have been handed to prison officials for mailing at some time between May 16 and 26, 2009. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[3] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of his application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 8, 2008. Petitioner then filed a petition for writ of certiorari in the

United States Supreme Court. The Supreme Court denied certiorari on March 17, 2008 and denied Petitioner's request for reconsideration on April 28, 2008.

As a result, Petitioner's conviction became final on April 28, 2008. Petitioner had one year, or until April 28, 2009, in which to file his habeas application. Petitioner filed on May 16, 2009. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490).

Petitioner makes no allegations in the instant petition about the filing of a motion for relief from judgment in the state courts. However, in his motion for reconsideration in *Sueing v. Palmer*, Case No. 1:08-cv-932 (W.D. Mich.) (docket #8), Petitioner alleged that he had filed a motion for relief from judgment in the Kent County Circuit Court on April 20, 2009, raising 23 new grounds for relief. Notwithstanding Petitioner's representation about the date of filing, the docket records of the Kent County Circuit Court reflect that the motion was not received and filed until April 30, 2009, two days beyond the expiration of Petitioner's statute of limitations. Petitioner

cannot claim that the "prisoner mailbox rule" applies, which sets the date of filing as the time that a prisoner hands the documents to prison officials for mailing. The "prisoner mailbox rule" has its origins in an interpretation of federal law. *See In re Sims*, 111 F.3d at 47 (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). The Michigan Supreme Court, interpreting Michigan law, has expressly rejected the federal prisoner mailbox rule and instead has found that delivery of the document to the court clerk is a necessary component of filing. *See Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. 1997). The Eastern District of Michigan, applying the one-year period of limitation in § 2244(d), rejected application of the federal prisoner mailbox rule to the filing of a motion for relief from judgment in the Michigan state court and instead found that the filing occurred when the document was delivered to the court under Michigan law. *Herron v. Smith*, No. Civ. 01-CV-71867-DT, 2001 WL 902621, at *2 (E.D. Mich. June 29, 2001). Under these authorities, Petitioner's motion for relief from judgment was filed on April 30, 2009. Because Petitioner's one-year limitations period expired on April 28, 2009, his collateral motion filed on April 30, 2009 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002);

*Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, it is beyond dispute that Petitioner was well aware of his statute of limitations and well aware of what he needed to do in order to timely present his as yet unexhausted claims to the federal court. He was further aware that at any time between the Court's October 31, 2008 dismissal of his mixed petition and the expiration of his statute of limitations he was free to bring a federal habeas petition raising only exhausted claims. Yet he did not do so until after his statute of limitations had expired. For all these reasons, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: July 13, 2009                                   /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).