UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME SUEING,

    Petitioner,                                  Case No. 1:09-cv-479

v                                             HON. JANET T. NEFF

KENNETH MCKEE,

    Respondent.
_____/

**OPINION**

       This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. Also before the Court is Petitioner's "Motion to Add Additional Authorities," which the Court grants and treats as additional objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58.

       Petitioner argues that the Magistrate Judge erred in finding that Petitioner's motion in state court for relief from judgment was not filed before the limitations period had run (Dkt 3 at ¶¶ 22-31; Dkt 4 at ¶ 5). If timely filed, his motion would have tolled the running of the limitations period.

1

Petitioner directs the Court's attention to Michigan Court Rule 7.202(2), which provides that a motion's date of filing is when the document is received by the court clerk. Petitioner asserts that his motion was received two days before the limitations period ran, and that the motion was only returned to him because it was not in proper format. However, Michigan Court Rule 7.202(4) defines filing as "the delivery of a document to a court clerk and the receipt and acceptance of the document by the clerk with the intent to enter it in the record of the court." The clerk did not accept Petitioner's motion with the intent to enter it in the record of the court until April 30, 2009, two days after the limitations period expired. Any previous "receipt" of his motion by the clerk is irrelevant. Petitioner's argument is without merit, and this objection is denied.

Petitioner also argues that his current petition should relate back to his previous petition for habeas corpus relief filed October 3, 2008, and therefore should not be time-barred (Dkt 3 at ¶¶ 19-20, 41). However, the "relation back" doctrine applies only to amended habeas petitions, not to second or successive habeas petitions. *See Hinds v. McLemore*, 2006 WL 1795137 at *1 (W.D. Mich., June 28, 2006). Since Petitioner's previous petition was denied, it is not pending before the Court, and his current petition has nothing to which it can "relate back." This objection is therefore also denied.

Finally, Petitioner argues that the Magistrate Judge should have applied equitable tolling to his claim. He asserts that this Court failed to advise him on exact procedures for filing his habeas petition, which he argues is an extraordinary circumstance that demands equitable tolling (Dkt 3 at ¶ 37). He also asserts that he diligently pursued his rights (Dkt 3 at ¶¶ 43, 50), and that his delay in filing was due to the Michigan Department of Corrections (MDOC) confiscating much of his legal work (Dkt 3 at ¶ 42). However, because Petitioner was aware of MDOC policy regarding legal

2

materials, and for the reasons stated in the Magistrate Judge's opinion, Petitioner is not entitled to equitable tolling of the limitations period. His objections regarding equitable tolling are denied.

Having determined that Petitioner's objections are without merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. For the reasons previously stated in the Magistrate Judge's Opinion and in this Opinion regarding each of Petitioner's objections, the Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: November 17, 2009                         /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge